

FILED
6/28/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 20 CR 432 |
| v. | |
| JOHN DANUK | Judge Thomas M. Durkin |

### PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant JOHN DANUK, and his attorney, HERBERT ABRAMS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with possession of ammunition by a felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count One); possession of a controlled substance with intent to distribute, namely, a quantity of a mixture and substance containing marijuana, in violation of Title 21, United States Code, Section 841(a)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, namely, the offense charged in Count Two, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count Three).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count Two, which charges defendant with possession of a controlled substance with intent to distribute, namely, a quantity of a mixture and substance containing marijuana, in violation of Title 21, United States Code, Section 841(a)(1); and Count Three, which charges defendant with possession of a firearm in furtherance of a drug trafficking crime, namely, the offense charged in Count Two, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Two and Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about July 29, 2020, at Chicago, in the Northern District of Illinois, Eastern Division:

   a. Defendant JOHN DANUK did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a

2

mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and

    b.    Defendant JOHN DANUK did knowingly possess a firearm, namely, a loaded Glock-style 9mm semiautomatic pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possessing with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Two of the indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

More specifically, on or about July 29, 2020, DANUK was at Hotel A in Chicago in possession of bulk quantities of marijuana, which he intended to distribute to others. While in a room inside the hotel, DANUK possessed two suitcases with approximately 30 vacuum-sealed packages, which contained approximately 4.5 kilograms of marijuana. That day, DANUK distributed approximately 1.396 kilograms of the approximately 4.5 kilograms of marijuana to Individual A that was placed in a cardboard box, which marijuana was later seized by law enforcement officials.

In addition, while in possession and during the course of his distribution of the marijuana, DANUK was also wearing a fanny pack across his chest, which contained a loaded, personally-manufactured Glock-style 9mm semiautomatic pistol (the "Glock-Style Firearm") that did not have a serial number. DANUK acknowledges

that he possessed the Glock-Style Firearm to protect himself and the marijuana while distributing and possessing the marijuana.

7. Defendant, for purposes of computing his sentence under Guideline § 1B1.2, stipulates to having committed the following additional offense:

On or about July 31, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, defendant JOHN DANUK did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, a quantity of a mixture and substance containing a detectable amount of MDMA (3,4-Methylenedioxymethamphetamine), a Schedule II Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of ephylone (1-(1,3-benzodioxol-5-yl)-2-(ethylamino)-pentan-1-one), a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

More specifically, on or about July 31, 2019, DANUK possessed various controlled substances at his residence on the 3300 block of North Hoyne Avenue in Chicago with the intention to distribute those controlled substances. In the kitchen, DANUK possessed approximately 9.32 grams of cocaine and approximately .382 grams of MDMA located in a backpack, and approximately 192.1 grams of cocaine in clear plastic bags located in the cabinet. In his bedroom closet, DANUK possessed

4

approximately 251.4 grams of MDMA, approximately 39.1 grams of ephylone, and approximately 2.5 kilograms of marijuana in various clear plastic bags.

That same day, DANUK possessed multiple firearms in a safe located in his bedroom closet, including a Glock 23 .40 caliber semiautomatic handgun bearing serial number EGD775 with an extended magazine, a Springfield Armory XDS .45 caliber semiautomatic handgun bearing serial number S3168130, a Glock 26 Generation 4 semiautomatic handgun bearing serial number RHN009 with an extended magazine, a Smith & Wesson M&P 9 Shield semiautomatic handgun bearing serial number HVF3082, and associated ammunition. Under his bed, DANUK possessed a green case containing a Mag Tactical Systems LLC semiautomatic rifle bearing serial number MTS39964, two magazines, and a bag containing ammunition rounds. DANUK obtained several of these firearms in exchange for narcotics that he had distributed to narcotics customers and used the firearms to protect his drugs and himself during drug transactions.

## Maximum Statutory Penalties

8. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

   a. Count Two carries a maximum sentence of 20 years' imprisonment. Count Two also carries a maximum fine of $1,000,000. Defendant further understands that with respect to Count Two, the Court also must impose a

term of supervised release of at least three years, and up to any number of years, including life.

b. Count Three carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of five years. The sentence of imprisonment on Count Three is required to be consecutive to any other sentence imposed. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count Three also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Three, the Court also may impose a term of supervised release of not more than five years.

c. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

d. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is five years' imprisonment. In addition, defendant is subject to a total maximum fine of $1,250,000, a period of supervised release, and special assessments totaling $200.

## Sentencing Guidelines Calculations

9. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other

sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

  a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b. **Offense Level Calculations.**

*Count Two and Stipulated Offense*

i. Pursuant to Guideline § 3D1.2(d), Count Two and the Stipulated Offense are grouped together into a single group because the offense level is determined largely on the basis of the quantity of controlled substances involved. Pursuant to Guideline § 3D1.3(b), the offense level applicable to the Group is the offense level corresponding to the aggregated quantity of controlled substances.

ii. The amount of controlled substances involved in Count Two and the Stipulated Offense for which defendant is accountable is approximately 201.42 grams of cocaine (the equivalent of approximately 40.284 kilograms of Converted Drug Weight, pursuant to Guideline § 2D1.1, application note 8(D)), approximately 251.78 grams of MDMA (the equivalent of approximately 125.89 kilograms of Converted Drug Weight, pursuant to Guideline § 2D1.1, application note 8(D)), approximately 39.1 grams of ephylone (the equivalent of approximately 14.858 kilograms of Converted Drug Weight, pursuant to Guideline § 2D1.1, application note 8(D)), and approximately 7 kilograms of marijuana (the equivalent of approximately 7 kilograms of Converted Drug Weight, pursuant to Guideline § 2D1.1, application note 8(D)). Pursuant to Application Note 8(B) to Guideline § 2D1.1, when determining the offense level for an offense involving different controlled substances, each drug is to be converted to its Converted Drug Weight, combined, and then referred to the Drug Quantity Table in Guideline § 2D1.1 to obtain the combined offense level. The

8

combination of Converted Drug Weight for the cocaine, MDMA, ephylone, and marijuana for which defendant is accountable equals approximately 188.032 kilograms of Converted Drug Weight, which, pursuant to Guideline §§ 2D1.1(a)(5) and (c)(8), would result in a base offense level of 24.

   iii. Pursuant to Guideline § 2D1.1(b)(1) and Application Note 4 to Guideline § 2K2.4, the offense level is increased 2 levels because a dangerous weapon, specifically the firearms discussed above in Paragraph 7, were possessed in connection with the Stipulated Offense.

### *Count Three*

   iv. Pursuant to Guideline § 2K2.4, the Guideline sentence for Count Three is the term of imprisonment required by statute, which is required to run consecutive to any term of imprisonment imposed on defendant. The term of imprisonment required by statute for Count Three is a five-year mandatory minimum sentence under Title 18, United States Code, Section 924(c)(1)(A)(i).

   v. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to

satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

vi. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 3 and defendant's criminal history category is II:

i. On or about January 27, 2020, defendant was convicted of unlawful vehicular invasion in the Circuit Court of Cook County, Illinois, and was sentenced to 30 months' probation. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this sentence.

ii. Pursuant to Guideline § 4A1.1(d), defendant receives two additional criminal history points for committing the instant offense while under a criminal justice sentence, namely, probation, for the conviction set forth in subparagraph 9(c)(i).

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 23 which, when combined with the anticipated criminal history category of II, results in an anticipated advisory sentencing Guidelines range of 51 to 63 months' imprisonment, in addition to any supervised release and fine the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of five years' imprisonment.

e. Defendant and his attorney and the government acknowledge that the above Guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

11. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the

11

Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

12. Each party is free to recommend whatever sentence it deems appropriate.

13. It is understood by the parties that the Court is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment, as well as the forfeiture allegation, as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

16. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 20 CR 432.

17. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

18. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge

sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.

14

Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii. With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b. **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was

15

determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

19. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

20. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Presentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

16

21. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

22. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

23. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

24. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

25. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

26. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant,

any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

27. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 6-28-2022

ERIKA CSICSILA
Digitally signed by ERIKA CSICSILA
Date: 2022.06.28 13:55:23 -05'00'

Signed by Erika L. Csicsila on behalf of
JOHN R. LAUSCH, JR.
United States Attorney

RAMON VILLALPANDO
Digitally signed by RAMON VILLALPANDO
Date: 2022.06.28 17:22:58 -05'00'

RAMON VILLALPANDO
Assistant U.S. Attorney

JOHN DANUK
Defendant

HERBERT ABRAMS
Attorney for Defendant

19